Randeniya v. Holder

BIA
A099 320 086/087/088/089
A076 143 068

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand fourteen.

PRESENT:
>    JOHN M. WALKER, JR.,
>    JOSÉ A. CABRANES,
>    RAYMOND J. LOHIER, JR.,
>        *Circuit Judges*.

_____

SAMAN RANDENIYA, AKA FRANCIS ALEXANDER
WARNA FERNANDO, NAMALI RANDENIYA, AKA
MARY NAMALI DEEPTHI WARNAKULASURIYA,
SAVINDA RANDENIYA, AKA FERNANDO SAVINDA
WARNAKU SILMAGURUGE, KEVIN RANDENIYA,
AKA FERNANDO KEVIN WARNAKULA SILMAGURUGE,
NETHMI RANDENIYA, AKA FERNANDO NETHMI
WARNAKUL SILMAGURUGE,
>        *Petitioners*,

>    v.                                    13-851
>                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONERS:        Nitin Kaushik, New York, NY.

**FOR RESPONDENT:**   Stuart F. Delery, Assistant Attorney General; Ethan B. Kanter, Deputy Chief, National Security Unit; Daniel I. Smulow, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Saman Randeniya ("Randeniya"), his wife, Namali Randeniya, natives and citizens of Sri Lanka, and their three children, Savinda Randeniya, Kevin Randeniya, and Nethmi Randeniya (collectively, "Petitioners"), natives of Italy and citizens of Sri Lanka, seek review of the February 20, 2013, decision of the BIA denying their motion to reopen. *In re Saman Randeniya, et al.*, Nos. A099 320 086/087/088/089, A076 143 068 (B.I.A. Feb. 20, 2013). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien seeking to reopen proceedings may file a motion to reopen no later than 90 days after the date on which the final administrative

2

decision was rendered.  8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).  It is undisputed that Petitioners' motion to reopen was untimely because they filed it in November 2012, more than four years after the order of removal became final.  However, the time limitation does not apply to a motion to reopen that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

As an initial matter, Petitioners have been ordered removed to Italy, and have not challenged that designation, either in the initial proceedings or in the motion to reopen.  However, because the BIA analyzed whether Randeniya established changed country conditions in Sri Lanka, and because the statute indicates that to excuse untimeliness the movant may show  "changed country conditions arising in the country of nationality *or* the country to which removal has been ordered," 8 U.S.C. § 1229a(c)(7)(C)(ii) (emphasis added), we analyze whether substantial evidence supports the

3

BIA's conclusion that Randeniya did not establish changed country conditions in Sri Lanka.

Randeniya's decision to join the Sri Lankan Democratic National Alliance ("DNA") while in the United States reflects a self-induced change in personal circumstances, and therefore does not exempt his motion from the applicable bars. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006). Because Randeniya did not join the DNA until 2009, well after he was ordered removed, the BIA did not abuse its discretion in concluding that his membership did not establish an exception to the filing deadline.

Randeniya also argues that he demonstrated changed country conditions based on his affidavit stating that the Sri Lankan security forces were aware of his membership in the DNA, visited his sister's home in Sri Lanka, and told her that they would kill him if he returned. The BIA's determination that this evidence was of little probative value is entitled to deference, particularly in light of the agency's prior finding that Randeniya was not credible as to certain aspects of his claim. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 149 (2d Cir. 2007); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

Because Randeniya did not establish a change in country conditions, the BIA did not abuse its discretion in denying Petitioners' motion to reopen as untimely.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5